In the Matter of CATHERINE WILTSIE et al., as Administrators De Bonis Non of the Estate of WARREN E. KING, Deceased. LOREN W. LILLIS, Appellant; STATE INSURANCE FUND, Respondent.— Appeal from a resettled order entered in the Albany County Clerk's office on the 9th day of May, 1956. Appellant is an attorney retained by a widow, now deceased, to prosecute a third-party action arising from the death of her husband who was killed in the course of workmen's compensation covered employment. The State Insurance Fund, the carrier, had paid $4,632.04 in compensation claims and had a lien for this amount on the proceeds of the third-party action. Appellant, after the death of the widow, continued in the action as attorney for Catherine Wiltsie and Warren Kenneth King, the administrators, who are the present parties. On the trial he obtained an agreement with third-party defendant to settle the cause of action for pain and suffering for $7,500 and the cause of action for wrongful death for $2,500. He obtained a release from the carrier for its lien on the basis of a letter stating that a settlement had been effected "in the amount of $10,000" without referring specifically to either of the two causes of action; and stating that in pursuance of a telephone conversation with the carrier's representative the carrier had agreed to take one third of the settlement, and that, accordingly, the carrier's "proportionate share due and owing would be $3,333.33". He did not mention charging any part of his fee to this share, but in preparing the order for submission to the court, appellant provided therein that instead of $3,333.33 the carrier was to receive $1,996.72, which was arrived at by deducting as a fee one third of the $3,333.33 and certain expenses. This order also provided that the clients Wiltsie and King pay appellant $3,850.33, which was one third of the total settlement and certain expenses, but the record shows that they actually paid him $2,222, which was one third of the net amount recovered after payment of the insurance lien. When appellant remitted $1,963.72 (sic) instead of $3,333.33 to the carrier the latter wrote that he was not entitled to deduct this amount and thereafter made the motion for resettlement. The order was resettled accordingly, and also, at the request of the clients Wiltsie and King, then appearing on the resettlement by other counsel, to fix the fee of appellant payable by the clients at $2,222 instead of $3,850. The resettled order denying deduction of legal fees from the amount of settlement of the carrier's lien was in accordance with our decision in Kussack v. Ring Constr. Corp. (1 A D 2d 634). That the carrier's lien should have attached only to the cause of action for pain and suffering and not to the death action is an argument advanced for the first time here by appellant on appeal and was not discussed in the correspondence between appellant and the carrier or raised on the motion for resettlement. Order affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.